Filed 9/16/13  In re Adrian W. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re ADRIAN W., a Person Coming Under the Juvenile Court Law. | |
| | D063431 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J507635D) |
| v. | |
| VICTORIA W., | |
| Defendant and Appellant. | |

APPEAL from an order of the San Diego Superior Court, Carol Isackson, Judge.

Dismissed as moot.

Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and

Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County

Counsel and Erica R. Cortez, Deputy County Counsel, for Plaintiff and Respondent.

Victoria W. appeals an order terminating her reunification services at the six-month status review hearing under Welfare and Institutions Code section 361.21, subdivision (e).[1] We dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

Victoria and A.C. are the parents of Adrian W., who was born in December 2009. The parents have significant substance abuse and criminal histories dating back to 1989 in Victoria's case and 1981 in A.C.'s case. Victoria lost custody of a son in 1992. Her parental rights to two other children were terminated in 1999.

Adrian was a juvenile court dependent from May 2010 to May 2011 due to domestic violence between his parents. Victoria completed her service plan and remained sober. In May 2011, the juvenile court granted joint legal custody to the parents and physical custody of Adrian to Victoria, and terminated dependency jurisdiction.

In March 2012, Victoria was arrested for public intoxication and child endangerment. The court placed Adrian with relatives and ordered reunification services for each parent. In reports prepared for the six-month review hearing, the social worker reported that Victoria made some progress during the review period but was not actively engaged in substance abuse treatment, parenting education or therapy. A.C. completed individual therapy and submitted to on demand drug testing. On his own initiative, he attended an anger management course and Narcotics Anonymous meetings. To facilitate reunification with Adrian, the San Diego County Health and Human Services Agency (Agency) added in-home services to A.C.'s case plan.

---

1    Further statutory references are to the Welfare and Institutions Code.

2

At the December 2012 six-month review hearing, the juvenile court found that A.C. had made substantive progress with the provisions of his case plan and continued reunification services to him. The court found that Victoria had made only some progress with her case plan and terminated her reunification services.

On August 14, 2013, on its own motion, this court took judicial notice of the minute order dated April 29, 2013,[2] ordering the child placed with his father. We asked the parties to respond to the question: "Has the issue raised on appeal . . . been rendered moot by the child's placement with his father?"

## DISCUSSION

Victoria contends her appeal is not moot because the juvenile court continues to have the authority to provide reunification services to her. She points out that she may file a section 388 petition requesting additional reunification services. In addition, if Adrian's placement with his father is not successful, the court may consider placing Adrian with her with additional services.

The Agency, joined by minor's counsel, argue that the child's placement with his father converted the proceedings from a family reunification case to a family maintenance case, and the issue of whether the juvenile court erred when it denied additional reunification services to Victoria is now moot.

An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. (*In re*

_____

[2] We grant the Agency's request for judicial notice of the minute order dated July 29, 2013, at which the juvenile court continued Adrian's placement with his father, terminated its jurisdiction and issued family court custody and visitation orders. That order will be final on September 29, 2013.

*Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.)  The reviewing court determines on a case-by-case basis whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding.  (*Id*. at p. 1055.)

Adrian has successfully reunified with his father.  Unlike a temporary placement made at a dispositional hearing with a noncustodial parent under section 361.2 (at which the court may order the Agency to provide reunification services to the other parent), Adrian's placement with his father is intended to be permanent.  Absent a showing in juvenile court of changed circumstances and the child's best interests, the reunification period is over.  (See *In re Marilyn H*. (1993) 5 Cal.4th 295, 309 [a child is entitled to a prompt resolution of his or her custody status].)  Even if the record supported Victoria's case on its merits, which it does not, reversal by this court would not restore the reunification period.  Thus, the issue on appeal has been rendered moot by subsequent events.

DISPOSITION

The appeal is dismissed as moot.

HALLER, J.

WE CONCUR:

NARES, Acting P. J.

IRION, J.

4